Good morning, your honors. The last time I was in this court before Judge Kaczynski, I identified myself, and he told me that he knew who I was. It's that beard that gives you away. And I don't know who you are. Dennis Reardon. Oh, Dennis. I didn't recognize you. Robert McGowan. This is the rare case. I have so many more memories than I do to sort out. Well, I go back a long ways with both Judge Reinhardt and Judge Kaczynski. I think the last time you were in our courtroom, you actually had another lawyer argue. I did, your honors. And you sat anxiously by as he argued. And I thought he did very commendably. It was a very fine argument. I will say nothing further. We've now returned the clock back to your opponent. And now that we're wasting time, I want to say that that other argument was made by my former law clerk. Yeah. Yeah. OK. Oh, in that case. How could I not? There we go. This is the rare case in which a citizen, in this case, a law enforcement officer is serving at this moment, in a substantial prison term after the trial judge made a judgment that the crimes of which she was convicted had not, in fact, been proven. We're not here to revisit the Rule 29 ruling that this court made reversing Judge Real's judgment of acquittal. But contrary to what the government says, that ruling reversing the Rule 29 does not help it at all here today. And the reason for that are a couple. One, Kellington says that a reversal of a Rule 29 has no implication as to whether the defendant had a meritorious Rule 33. But the other reason is that last night I had the extraordinary experience of listening to the oral argument before this court, before Judge Kuczynski in 2009, on the Rule 29 motion. And in that motion, in that argument, there was a perfunctory opinion, a couple of paragraphs, saying under Jackson v. Virginia, the evidence was sufficient to get to the jury. But in that argument, which went on for an hour, all three members of the court, Judges Kleinfeld, Kuczynski, and Trott, expressed great doubts about the credibility of the government's evidence. What they did consistently is say to McGowan's counsel, we can't deal with conflicts in credibility. We can't deal with the weakness of credibility. Judge Trott said, look, I know that inmates fake injuries. And you, and Mr. McGowan may be perfectly correct that these were false injuries. But I can't get to that under Jackson v. Virginia. Mr. McGowan's counsel did not, had never heard of Jackson v. Virginia. He got up and conceded every question that the court had, which would mean if he conceded them, he loses on the Rule 29. But time and time again, members of the court said, look, I mean, he made a trial-style argument to this court. And Judge Kleinfeld says, you know, that's a trial argument. Judge Kuczynski said, I was on a jury a couple of weeks ago, and what you're doing sounds like the closing argument there. We can't listen to a closing argument like that under Jackson v. Virginia. So you're making an ineffective assistance of counsel argument? Well, the point of that is this. It's simply that this court and the government in that argument said, you know, the problem with Judge Real's ruling is he cited the 13th Juror Rule, which is really a Rule 33 principle. Now, they were perfectly right that if he used a Rule 33 principle, that's a reason for reversing the Rule 29. But it's a reason for affirming a Rule 33 grant if it had been made in this case. So the members of this court again and again said, you know, you're talking about conflicts in the evidence, and we have to defer to a jury verdict. But those same deference to jury verdicts, if a Rule 33 had been granted, would have caught in favor of affirming the Rule 33. There was no motion. Exactly. So let's get – that gets us to the nub of this. Does Rule 29b require a sua sponte ruling by the trial judge if he grants a Rule 29? In this case, what it says is if a judge grants a Rule 29, he must make a conditional determination, and these are critical words, as to whether a new trial would be granted if the judgment of the quill is reversed on appeal. So Rule 29b is referring to what would you do in a hypothetical situation where there's a hypothetical Rule 33 motion after a hypothetical reversal which has a hypothetical The rule says that the court must rule on a motion for a new trial if he's – if he's reversing. No. It says any motion for a new trial. Yeah. It says – the rule says the court must rule on – if the court enters a judgment of acquittal, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. So the question is, was any motion for a new trial made? No. It was not. And I'll come to the IOC point in a moment. But let me say this before I leave Rule 29d. The purpose of Rule 29d was to make sure that you didn't bounce back into two appeals. If a Rule 29 is granted, let's settle the Rule 33 question so they can both be argued on appeal. And in Zunza and Zucat, Judge Miller, in a case I had, granted seven counts of acquittal and then granted – said the evidence is sufficient on two under Rule 29, granted two Rule 33 new trials, and all nine counts were considered by this Court. If the Court were to take the position that the Court doesn't have to – the trial court doesn't have to determine whether a hypothetical new trial motion would be granted at once, it's going to have, as it does in this case, two issues before it. What would have happened to the Rule 33? But let's get to the IOC question, Your Honor. I submit that Rule 29, it was judicial error for Judge Real not to grant the Rule 33, which he clearly would have. Once he found insufficient evidence, he was going to find that the evidence was of insufficient weight to support the conviction. But let's get to the IOC. No competent lawyer ever, ever would make a Rule 29 motion and have it granted. And at that point, the defendant would say, Judge, by the way, under Rule 29d, you've any competent lawyer knows that on appeal, the standard – he's won almost nothing by winning the Rule 29 below because it's de novo review before this Court. He has to start the battle all over again. On the other hand, a Rule 33 grant is virtually impregnable on appeal. I mean, this Court has said again and again in Kellington and Alston that it's committed to the discretion of the trial judge. And if you look at the three judges who looked at this before, again and again, I mean, Judge Potts says, yeah, they could have faked the injuries. You may be right, he says to McGowan's counsel, that this may have been a fake thing. I can't get to it. Yeah, yeah, yeah. But we – I mean, I did not listen to that argument. But I don't need to because everything you say rings true. We say it all the time. There was testimony on this side. There was testimony on that side. Water over the dam. Right. The jury believed who it believed. That doesn't mean you get a new trial. No, you've got to show something else to get a new trial over the fact that there was conflict in the testimony. Oh, oh, oh. No, wait, wait. Judge, if a – on a Rule 29, Judge Real said has to be correct, has to say there's no evidence of guilt, essentially. For instance, he has to say there's no evidence of a battery here. No, I understand that. However, let's get to the new trial. No, no, no. I've got to say something and then you can talk. Judge Real decided this as he thought fit at the trial court. I'm talking about what the judges on appeal are doing. Just because Judge Real thought there was insufficient evidence under Jackson doesn't mean that the Court of Appeal agrees with that or would even agree that there's a necessity for a new trial. Judge Real might have, but not necessarily the Court of Appeal. But, Your Honor, once you concede that Judge Real would have granted Rule 33 if it had been made, and if you find insufficient evidence under Jackson v. Virginia, in a situation where you have uncorroborated testimony of an inmate who has faked injuries before and admittedly lied during the course of the investigation, then you've got IAC. My question on IAC is, of course, the standard and predictable one. Ordinarily, we don't do IAC on direct appeal. We've not heard from the lawyer as to why he did this. And your assumption is, of course, ignorance. No, no. Which might be right. Two parts. So Judge Real would have granted the Rule 29, and then under Tellington, you would have had to defer to that judgment if there was... No, I understand that. No, my question is a different one. Did the lawyer in failing to make the Rule 29... I'm going to get to that. Okay. Two answers to that question, Your Honor. It can't be simply a tactical decision. It has to be an informed tactical decision. Any lawyer who says, if I grant a Rule 29, I'm not going to... In fact, Tellington talks about, and Alston talks about the need to protect against the reversal of Rule 29 by making Rule 33. So any competent lawyer does it. Secondly, it's an absolute right under Tellington. It would take an intelligent and knowing waiver by the client to write a Rule 29. But here's this, Your Honor. Listen to this. And after you listen to it, and listen to Judge Trott, have the trial lawyer and say to him, you don't understand standards of review. You're making an argument, a jury argument. You have no idea what a standard of review is. You cannot possibly, possibly find that this was a tactical judgment. This lawyer knows nothing about federal criminal practice. He got up in front of this court and didn't know what Jackson v. Virginia was. He simply cannot make a finding that a lawyer said, you know, I am so... In a sense, the oral argument in front of the prior panel operates as a sort of a poor man's 2255. Well, you've got to listen to it, Your Honor. He cared about his... That panel could have taken this case back if it had wanted to. Well, that I can't speak to. Some of us did. But here's some things we can agree on. Can I just go... I think we have your answer to Fletcher's question. No, no, no. I think we do. Can I take you one step beyond that? Let's grant all the points that you've made up to now. Let's say the lawyer either should have made or was not required to make a new trial motion. And let's say in our hearts we believe had that happened, Judge Reel would have granted it. But none of that happened. So what happens now? Let's say we give you all those things. What's the consequence of that? Well, it's simply this. I believe on this record you have to find that a competent lawyer would have made a Rule 29. I believe given that the Rule 29 was granted on insufficiency of the evidence, the Rule 33 would have been granted on insufficient weight of the evidence. Of course it was. I've already given it all. Okay. Then I am submitting to you that what this proceeding is, is your court's review of the grant of a Rule 33 motion by Judge Reel. That is the posture it should be in before you. And in that posture, I submit that there is no way that any review in court would say, you know, it was uncorroborated testimony. I'm sorry. Let me stop you right there. Why isn't the correct answer, rather than we review hypothetical grant of a new trial motion, that we would, again, assuming we give you all of the points that I've given you for purposes of this question, that we thus send it back to the district judge. Right. Judge Wright. And ask him to rule on the new trial motion. Well, let me give you an earnest answer to that, Your Honor. I just hope for an earnest answer from lawyers. It's when they say I'll be honest with you. That's the one I like. This is critically important. You would agree that Judge Wright has no ability, no greater ability to assess whether a Rule 33 should have been granted than you would, because he's reviewing a cold record. Okay. And the only judge who could say, you know, Waller says he hit me. He's lied before. He's faked injuries. The only one who could say I judge the demeanor of Judge Waller is Judge Royale. Now, here's the earnest part. I know that Judge Royale's rulings are often disfavored in this court. But the fact of the matter is if Judge Royale said the testimony about inmates faking injuries, you know, convinced me, that's the same thing that Judge Troth said. That happens. So the fact that it's Judge Royale does not mean his assessment of the demeanor was wrong. Judge Wright has no capacity. So you mean that since Judge Royale will make a ruling that we could predict, we should now affirm that ruling? Well, I'm accepting position one, you should affirm the ruling. Position two is that if the case, if it's going to be remanded, has to be remanded to Judge Royale. Let's look at the issue of disqualification here. Before you do that, let me ask you another question. Wasn't this issue then, if it was necessary that the lawyer had done it, why do we have jurisdiction now to do this rather than the wonderful panel you had the first time? Well, because this is the panel who's sitting here today, Your Honor. I know, but what happened the first time? Did anybody tell that panel, tell Judge Troth when he made these speeches, tell him that we have another problem? Well, Your Honor, I admit I'm an appellate lawyer. I know that this is improper. But the first time I got this case, these trial lawyers said to me, we screwed this up. We didn't even know there was anything like a Rule 33 motion that had a different standard. So it was the same incompetent lawyers who didn't make the Rule 33 down below who were arguing before the Ninth Circuit on a Rule 29 which they gave away without making a serious argument because they only made an argument that the Court could have considered under Rule 33. I mean, it's a tragic situation, but this man never got a Rule 33. Let me just make the point about the disqualification. This Court previously said that the granting of a Rule 29 that the defendants were innocent by Judge Royale might well prejudice his assessment of them sentencing them. So for sentencing purposes, it assigned it to Judge Wright. Okay, fine. He would be prejudiced by the Rule 29 ruling. However, however, Judge Wright has no capacity to make the Rule 33 ruling, and there's nothing inconsistent about a judge who made a Rule 29 ruling actually making a Rule 33 ruling because that's what Rule 29d says he should do. Let me ask you if you've got a third choice, because I think you're going to have a problem with Judge Wright given his performance during the sentencing. I agree, Your Honor. That's another question. Okay. So let's see. Who else can we find? Who's left? Well, I think what counsel is suggesting is that we remand, if we feel that we have to get a district court ruling under 33, we remand it to Judge Gheel to make that decision. He's the only judge who can assess demeanor. He's the only judge who can assess the essence of a Rule 33 motion. I understood you were suggesting it go to Judge Gheel, who the last time we said it shouldn't go to. But I was wondering whether there was anyone else we're going to work our way through. Well, that brings me to the other issue. Okay. If the Court felt the Rule 29 motion may have tainted the version of Judge Gheel, vision of Judge Gheel as to sentencing, I would submit that Judge Wright's complete flip-flop in which he says at sentencing, I'm going to hammer you because of these allegations involving this Nazi, and then when the motion for bail, when I conclusively prove I believe that all of those were false, he said, well, I didn't rely on those at all. And so I don't think that Judge Wright is in a position to fairly and independently assess the weight of the evidence on a Rule 33 motion. Well, that's what I was assuming you were going to say, and that's why I said remaining the third. Yes. And it's just extraordinarily difficult. I mean, as this Court said on the Rule 29, Judge Trott said, look, I mean, you may be right that Waller faked these injuries, but maybe he didn't fake these injuries. We don't get to decide that. It's a jury that does. But on a Rule 33 motion, the person who decides whether Waller is good enough to send a law enforcement officer to prison for years is the judge who got a chance to assess his credibility. In fact, in many ways, the judge is better on a Rule 33, because when it comes to dealing with prisons, I would submit to you that federal judges have a better sense of the complexity and difficulty of prison cases than jurors do. Let me ask you this, if I may, and maybe I should know the answer to this, but I do not. Would the new trial motion have as its basis anything other than the weakness of the evidence? Well, the truth of the matter is if a new trial is granted, this Court has to sustain it. No, that's not my question. You're making a motion for a new trial, and when you make the motion, do you have any basis besides the weakness of the evidence for that motion? In this particular case. That's right. No, I think it would be the weakness of the evidence, Your Honor, but let me point out this. It's on Rule 29. Judge Reill's judgment, and Judge Kleinfeld said the more you heard the government argue, the more sympathetic he became to the Rule 29 motion, was essentially about minimal injuries and lack of evidence of intent. But on a Rule 33, in a situation where it's a flat-out conflict between two witnesses, which can't be reached at all in a Rule 29, he can say, as Judge Miller did in the Zuchettin and Zunzitt case, this is sufficient for Rule 29, but I think that guy is a damn liar. And so that ability to take the case. No, I got the answer to my question. We're not talking misconduct. We're just talking weak evidence. No, no, we're not talking misconduct, Your Honor. No, we're not talking that. We're talking a very, very, you know, one of the questions at the last argument is, is Judge Kleinfeld the same? Well, wait a minute. You're saying that it's a civil rights violation. If he were on this panel, I'd care what he said. Well, I mean, I can say it myself, but I figure that he carries more weight than I do. Well, let me make the point. Okay. Thank you, Your Honor. If the Court grants me any time for rebuttal, I appreciate it. From the government. May it please the Court, Assistant United States Attorney Lawrence Middleton, on behalf of Apelli, the United States of America. I'd like to begin with the defendant's argument that the district court somehow erred in failing sui sponte to grant a conditional motion for new trial at the time that it granted the motion for judgment of acquittal. While the defense persists in that argument, that argument is wholly unsupported by the law. The issue of whether a district court has the authority to make or to grant a motion for new trial in the absence of a motion from the defendant was addressed and settled. But the question isn't whether the district judge has the authority. The question is whether the district judge has the obligation to make a sui sponte ruling on that motion. Well, Your Honor. On that non-made motion. Well, Your Honor, I think it can't have an obligation to do so if it doesn't have the authority to do so. Well, I think it might have the authority, which is why I say that. But it may not have the obligation. Well, Your Honor, I think this question was addressed by this Court in United States v. Navarro-Villara. And in that court, oh, I'm sorry, in that case, the court did a very thorough analysis or review of both Rule 29 and Rule 33. And it concluded that the court has no authority to make a, to grant a motion for new trial in the absence of a motion from the defense. It was very clear in saying that. And the case cited by the defense or relied on by the defense, Kellington, really isn't applicable in these circumstances. Because in that particular case, the defense did, in fact, make a motion for new trial at the time that it made its motion for judgment of acquittal. All right. So if that were correct, which it may well be, Navarro, certainly seems to be a good case for you. If the district court did not have the authority to treat the motion for acquittal as encompassing the motion for a new trial and couldn't sui sponte deal with a motion for a new trial or make it himself, that still leaves the question of the ineffective assistance of counsel. I agree, Your Honor. And whether we can deal with that question on appeal or whether that's something And normally we remand it if there are factual questions. That's correct, Your Honor. But it's not an absolute rule that we can't rule on an ineffective assistance of counsel. Assuming that that issue is before us at this appeal, we could rule on it or we could send it back. But it would be one or the other, I would think. Well, that's correct, Your Honor. And I guess the government would make two arguments. First of all, the government would suggest that this is not a case where the court should make an exception to the general rule that an ineffective assistance of counsel claim should be brought on collateral review and not on direct appeal. And we would make that argument because the record is inadequate in terms of the trial counsel having an opportunity to explain his actions. Can you think of any reason that a trial counsel in this counsel's position wouldn't make both motions? Absolutely, Your Honor. And I think some of those reasons are laid out by the First Circuit, I believe it is, in the case of United States v. Moran. First of all, one of the reasons a trial counsel might not want to make a motion for a new trial at the time it makes a motion for judgment of acquittal is that it may be concerned that the court may compromise and choose a new trial over a motion for judgment of acquittal. And if the court, in fact, does grant a motion for a new trial, then if there are any deficiencies in the government's evidence, having gone through the trial once, the government may have an opportunity to strengthen this case and may have an even stronger case the second time around. So the trial counsel could very easily make the calculation that it would prefer to take its chances on a motion for judgment of acquittal. It may, in fact, even prefer a motion for judgment of acquittal, even if it loses in the district court, if it feels its arguments are strong enough. It may prefer just to have those arguments reviewed by this court on appeal and take its chances there. Sure. No, we understand that. I mean, that's clearly out there as a possible reason. What's your response to Mr. Reardon's rather interesting argument that if we were to listen to the argument made before this panel, the prior panel of this court, we would understand without any difficulty whatsoever that there was no tactical choice possible made by this lawyer because he didn't know something from his elbow? Your Honor, I have to say I didn't make the prior argument on behalf of the government in this case. My co-counsel did. I didn't know that the defense counsel was going to make that argument, so I didn't go back and listen to that case. You might be persuaded if you do. I hear it's a very moving. And you might be happy you've got a better panel this time. I would suggest, Your Honor, that I would not be persuaded simply based on my review of the record in the district court and my review of this court's order. All I can say is I don't think you've listened to the record as much as I have. Well, I mean, he can be very persuasive, particularly when it comes to where he starts talking about snitches. He has this thing about snitches. Well, again, Your Honor. I mean, for many years, as a part of you know, Judge Stark used to be your boss. Absolutely. I mean, not your actual boss, but he was U.S. attorney here in Central Michigan. No, that's correct, Your Honor, and I've heard that lecture a number of times. He wouldn't say anything about it. I guess, Your Honor, my response to that would be this, though. If you look at the record in the district court, first of all, the arguments as to the credibility of the witnesses, that was something that the jury had an opportunity to weigh. And they clearly came down without any real difficulty on the side of the victims. Also, if you look at Judge Reel's reasoning in granting the motion for judgment of acquittal, as this court previously said, it's clear that Judge Reel found no problems with either the evidence or the identity of the attackers. He simply concluded that there was no cruel and unusual punishment. Is there any doubt, though, that if he had been asked to file an alternative motion for a new trial, he would have granted that as well? Well, Your Honor, I don't know that there is any doubt that Judge Reel would have, but I think where that leads us is to the well established... I'm sorry, you answered to my questions, no. There is no doubt. You are convinced... I don't know if there's any doubt. I can't say with certainty. There's good reason to believe that he would have. And the government's response to that is obviously defense makes much of the fact that it was Judge Reel. But it's well established that a defendant is not entitled to the luck of a lawless decision maker. The standard, what he has to demonstrate is that a reasonable, that an objectively reasonable district court would have granted the motion for new trial. Fair enough. Can I take you back to Navarro v. Yarra? Yes, Your Honor. Now, that case was a case where the district judge denied the motion, the Rule 29 motion. That is correct, Your Honor. Okay. And what... I'm sorry. I apologize, Your Honor. I don't know why lawyers have to keep talking. That's what lawyers do best. Well, they do it best, but it doesn't always help the case. Anyway, so our case is different in that our case, the district judge granted the motion. Yes or no? That is correct, Your Honor. Right? That is correct, Your Honor. Just stop. When you've answered the question, stop. Yes, Your Honor. Okay. Now, looking at Rule 29, Rule 29 has a command that, under 29d, it says, if the court enters a judgment of quick luck to get rid of a defendant, the court must also conditionally determine. So there is an outright command that's only applicable when the court grants, not applicable when the court denies a Rule 29 motion. So my question to you, and now I'm going to let you talk some more, is why is VIARA applicable at all? Because it was a case dealing with the alternative situation, which is not covered by the mandatory command of Subsection D. Your Honor, my response to that is, if you actually, when you read Navarro, VIARA... I did read it. I'm looking at it. I understand. Give me a page. I'm... I don't have the chance to talk. I don't have the actual case in front of me, Your Honor. Oh, well, then we're going to have to talk about the case, you know. Well, I've read it. I'm very familiar with it, and I do have it here in the courtroom. Well, get it, because we're going to do a lot of talking about the case. Who's going to do the talking? I was going to give you a chance, too, Judge Reinhardt. Okay, go ahead. What is it about Navarro, VIARA that speaks to our case? Well, Your Honor, one of the things I would say that speaks to our case is the fact that it cites a Fifth Circuit case in which the court did, in fact, grant... Let me, because time is short. Let me get very specific with you. Do you have page 793 there, 365, 5th, 793? I'm... It's one of the pages of the opinion. The opinion starts at 790. We're not looking at page 793. And we're looking for the right-hand column, the paragraph starting, although. Okay, I've got page 793. I do see that, Your Honor. Okay, now look at the first comma. And look at the phrase following that first comma. What does it say? Can you read it to me? If I'm following the court, it says, absent the grant of acquittal. That's right. So if you read the opinion as pivoting on that phrase, an entire discussion, why doesn't that phrase in itself preclude our case? It says, when I'm talking about a situation where there is a grant of an acquittal, we're not talking about a situation of denial of acquittal. So why isn't this the whole, our case, the whole that's left open by Navarro, by Ira? Your Honor, again, I think it doesn't leave it open because if you go on and read the rest of the opinion, up to its final conclusion that the district court has no authority to grant a motion for new trial. Absent a grant of an acquittal. So it says, look, if you don't have an acquittal, here's what the law is. What does it say on the question of the acquittal, which is specifically dealt with by a mandatory language in Rule 29D? Well, Your Honor, again, it then goes on to analyze Rule 33. And it makes a comparison of Rule 29 and Rule 33. And it makes it clear that the bringing of a motion for Rule 33, I'm sorry, the bringing of a motion for new trial, is governed by Rule 33, which specifically says, upon the motion of defendant. Because if there is a denial of the Rule 29 motion, the district judge doesn't have an affirmative responsibility, an affirmative command to deal with under Subsection D. But where he grants it, there's an affirmative command. And I read this case as saying, we're not dealing with that case. We're not dealing with a case where the district judge is acting under the affirmative command. We're dealing with a case where there is no affirmative command. And in that case, it is discretionary. And therefore, there has to be a motion. Well, why is it not a perfectly plausible and correct reading of Navarro v. Ayala? Well, and again, Your Honor, I would go back to the ultimate conclusion of this Court doesn't appear to be limited to those facts. No, it doesn't. I think that's evident from its citing of the Fifth Circuit's case in United States v. Brown, which is, in fact, a case where the district court granted the motion for judgment of acquittal. Okay. Let me look at Brown. This takes us back, of course, to the question I asked you at the outset. In order to win this point, you don't need to convince us that the judge had no authority. You need to convince us that the judge had no obligation. And the language of D, subsection D, says must, but the meaning of that must phrase depends on the meaning of the word any. Now, he must decide whether to grant a new trial for any motion. Does that mean any motion already made or any motion made or unmade in terms of obligation? I'm inclined to read that language as saying any motion already made, he has an obligation. But I've said definitely not inclined to read that language or any opinion that we have written as saying the judge has no authority. Well, Your Honor, the government agrees with this Court's or with the Court's interpretation of the rule, and I think we made that argument in our briefs. The word any to the government suggests that we're referring to any motion that has been made. Yeah, but any actually is kind of ambiguous in that. I mean, it would not be an unreasonable interpretation of the word any as distinct from the word a that any means not just any motion actually in front of the Court, but any motion that could reasonably be made under the circumstances. Your Honor, again, that's the argument that the government has made. I understand the argument. And I think it's... I'm not sure that there's a clean answer to it. But, Your Honor... We might have to give you one, but it's a the word any doesn't necessarily give me the answer all by itself. And the other certainly doesn't. Oh, right. The other, right? Your Honor, if I could... Because it doesn't deal with that situation. It has no reason to consider what any means in that context, right? Viara. Your Honor, if I might, I guess the final argument the government would make on this issue is that even if we were to address a motion to new trial or an ineffective assistance counsel playing on the merits, in this particular case, it would have to fail simply because if you look at the record in this case, which would be the record that this Court would be ruling on, it's very clear that the district court's decision was based on a misapplication of the law. What the district court did in this particular case was it looked at the evidence and it said, there is no evidence of an intent to commit a violation of the Constitution's prohibition against the infliction of cruel and unusual punishment. If anything, there was a commission of an estate trial of a certain value. I got that. If Judge Reel had ruled on a new trial motion, I think I agree with you that it's pretty obvious he would have granted a new trial motion as a sort of backup to the acquittal, but it's also pretty obvious that his ground for granting the new trial motion would have been wrong, just as his ground for the acquittal was wrong. But that doesn't necessarily answer the question in front of us. It's possible that a new trial motion could properly have been granted on a proper ground. And, of course, we affirm on any ground. You know, I don't quite understand the problem with the, whatever, Navarro-Villara, which says, The committee notes leave no doubt that the court may not order a new trial in the absence of a motion by the defendant. And then it goes to the whole history of what the rule was intended to do, the drafters, and says that the Fifth Circuit court you talked about, decision where it was granted, is consistent with our interpretation. It seems to pretty clearly say that the court has no power to order a new trial without the following of a motion by the defendant. So, anyway, I'm not quite sure what the problem is with that. Again, Your Honor, that was the government's position. We believe the court does support that argument, but we also believe that the language of the statute itself, and particularly the use of the word any, also supports the notion that there has to be a motion made. But, again, even if we were to get beyond all of that and address the arguments on the merits in the form of an ineffective assistance of counsel claim, because the district court misapplied the law, even applying an abuse of discretion standard, that argument would fail. Now, if we were to adopt Judge Kaczynski's suggestion, whether that's going to be his view in conference, I don't know. But if we were to adopt Judge Kaczynski's suggestion of remanding to the district court for a ruling on the new trial motion, not based on our reading of the rule, but based on IAC. There are two routes to get to that. So we could accept all your arguments about the meanings of the rule, but now it's just IAC. In fact, if your argument on the meaning of the rule is the right argument, the IAC argument is all the stronger. Who do we remand it to? Your Honor, clearly, at this point, the case is before Judge Wright, and it should be remanded to Judge Wright. Even though we have some problems with the sentencing? It's a question of his sentencing performance. Let's assume we agree with Mr. Reardon about Judge Wright's sentencing, where he just said at the sentence at length how important the snitch's testimony was. Well, Your Honor. And then later said at the bail hearing that he wasn't relying on that at all. It seems to me he's got an involvement in his case that might cause us not to suggest that he's the one any more than Judge Reardon. Your Honor, if I could address that particular issue, at least just briefly, because I think in order to really get a sense for the sentencing and what's going on there, it has to be viewed in context, because on appeal, it can easily appear that the primary issue that formed the base or the primary basis for the sentence in this particular case was this information about illegal narcotics involvement, when in fact that's simply not the case. Even though he says that's unforgivable? Well, Your Honor, and I believe those two things are not inconsistent. And here's why. First of all, there was a guidelines calculation. The guidelines calculation, if we set aside all of the information about illegal narcotics trafficking, the guidelines calculation would be the same. It doesn't figure into the calculation. It doesn't matter. You know, it doesn't matter why he could if it's what he said about it. And he made it very clear in the sentencing that it was very important to him. Even though he could have given the same sentence without that, he didn't. He said what was important to him was what this fellow had said in this other sentencing proceeding or in this other trial. And he put a lot of weight on that. It clearly influenced him a great deal. Well, Your Honor, I really think, though, the question is whether it caused the court to increase the sentence or whether the court would have imposed the same sentence without that information. And I think if you look at the record and Judge Wright's approach to the sentencing, the answer to that clearly is yes. It is very clear from the record that the judge considered this offense to be a very serious crime. And it's also very clear that even though the probation office proposed six different reasons for going below the guideline sentencing range, the court rejected all of those reasons and not even the probation office, I would suggest, thought that any one of those reasons was sufficient to get below the guidelines range, including this one about the defendant's history and the nature of the defendant or the character and nature of the defendant. What happened in this case is from the very beginning, the district court came out. It was very clear that it had done a very thorough review of the record. And the first thing it did was to say, conclude that the defendant at the trial had committed perjury. And on that basis, sui sponte, the court imposed a two-level enhancement to the guideline sentencing range based on that. The court then addressed two of the reasons offered by the probation office for imposing a below-guideline sentence, the one being the fact that the defendant was the only individual to have lost his job and faced a lengthy prison term. And the other was that he faced a difficult time in prison. The court immediately said those are not reasons for imposing a below-guideline sentence. And in fact, one of the first things the court said was it doesn't find the probation office's recommendation credible. So it was very clear that the court was not inclined to grant a below-guideline sentence. And it did find that the conduct about the involvement with illegal narcotics was serious and unforgivable. But it clearly didn't ñ it did not indicate that that was the basis for or the only basis for its sentence. It considered all of those factors. Thank you. Mr. Evans. Can I just ask you one question? Sure, Your Honor. There was a bail hearing, and was Judge Wright denied bail? There was a bail hearing. It was Judge Wright denied bail. The defense counsel made the argument that it now makes that ñ No, no. Was that bail motion appealed, the denial? It was appealed. It was reviewed by this court, and the district court's decision was affirmed. The denial of bail was affirmed in this case? It was, Your Honor. And again, those same arguments were raised before Judge Wright and before this court, even in the most for bail pending appeal. Thank you. Thank you, Your Honor. Mr. Evans, we'll give you a minute for a moment. Point one. Rule 33 now allows motions to be made at any time for good cause. If a trial judge who grants a Rule 29 doesn't consider the Rule 33 because it's not made, it's always going to come up after the fact, after a reversal. The best reading of Rule 29d is that he has to consider a motion for a new trial, even if it's not made. Secondly, on competence, what lawyer, having won a Rule 29, would not say, by the way, Judge, grant a Rule 33? I was before Judge Breyer last week. He said, I'm going to grant a post-trial Rule 29. Why do I need to get to the Rule 33? I said, my God, Your Honor, please. I need the appellate standard on the Rule 33. In other words, if Judge Breyer had been a practicing lawyer, there was IAC, because he didn't understand why that motion was useful? There you have it. But, Judge Fletcher, I've got to quickly disagree respectfully with the assessment that Judge Real's ruling was wrong as a Rule 33. No case has ever found that pulling a chain where somebody falls down is a civil rights violation. And, secondly, that's the Ville account, and on the Waller account, I mean, it's a perjurious inmate against a correctional officer. If a trial judge decides that one way, having viewed the demeanor, this Court can't reverse it. And the very fact that Judge Wright declared without ever having seen Waller or McGowan testify that it was perjury on McGowan's part is an indication of how much he was involved in this case and how unfair it would be to remand it to him on a Rule 33 motion. One final point, Your Honors. Mr. McGowan has been in custody for 19 months. This is a very serious case. The government has conceded that a Rule 33 would have been granted and he would have had the right to Kellington review before this Court, which he's never gotten. I'm going to move to have him released pending any further proceedings, which could take a long time. Obviously, if the Court is going to deny all relief at the conference here, then it's going to deny that motion. But if there's going to be a remand or any other remedy, I'm going to ask the Court to seriously consider that bail application. When you say you're going to ask the Court to consider it, are you going to say no? Well, let me ask the Court to consider it. Mr. McGowan's family is here. His union is here. The notion that he would not be available, whatever the outcome on the case, to finish his sentence is preposterous. And on the other hand, having served almost half the sentence away from his family. I've never heard an argument before that the union being present is not sufficient.    It's not sufficient. It's not sufficient. It's not sufficient. That was important. I'm glad to see unions get some recognition these days. He feels an obligation to them. They feel an obligation to him. The notion that he'd go anywhere is preposterous. He didn't go anywhere for seven years while this case was pending. He didn't go anywhere after it was reversed. He was available for sentencing. And I think the government will get its sentence no matter if it's entitled to it. But the notion that eventually this conviction could be overturned after he served virtually the entire day of his sentence, I think is unacceptable, Your Honor. And therefore, I do make that application. I make it on the basis of the materials previously submitted. And quite frankly, the denial of the bail motion by Judge Wright came in the hearing that you've referred to, where he showed, I think, an unacceptable level of personal involvement. The fact that the motion wasn't overturned on appeal, I mean, I have great experience with this. Frequently, bail on appeal motions, I think, are just dealt with by clerks. Well, it depends on what judge you got. That's absolutely true, Your Honor. As to whether they're decided by clerks. That's right. And in the Powers case, the court held oral argument and issued a seminal ruling on bail on appeal. But this is the first court to appreciate the complexity of the case. And on that basis, I renew the application. Thank you very much. Okay. Thank you. Three cases. We'll take a five minute break.
judges: Kozinski, Reinhardt, Fletcher